IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| HENRY JOINER, #140 755 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-243-TMH |
| | | (WO) |
| COMMISSIONER, *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER**

On March 25, 2009, Henry Joiner, an inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, filed an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, malicious, for failure

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915.[2] In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. *See Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff dedicates a large portion of his complaint and attachments thereto to describing matters from which no inference may be drawn that he is in imminent danger of serious physical injury. Instead, Plaintiff's pleadings discuss events related to his health concerns which appear to have their origins from his incarceration at the Hale County Jail in April of 2005. (*Doc. No. 1 and Attachment.*)

Plaintiff's claims alleging violations of his right to be free from cruel and unusual punishment under the Eighth Amendment appear to be for wrongdoings that occurred both in the past as well as that are ongoing in nature due to various chronic medical conditions. These conditions include "advanced generalized pattern of severe multi-level degenerative disk disease with diffused cervi[c]al spinal stenosis, multi-level disk herniations, multi-level

---

[2] The cases on which the court relies in finding a violation of § 1915(g) include: (1) *Joiner v. Johnson, et al.*, Civil Action No. 7:99-849-SCP (N.D. Ala. 1999); (2) *Joiner v. Hayes, et al.*, Civil Action No. 2:05-CV-478-MEF (M.D. Ala. 2005); and (3) *Joiner v. Montgomery Police Dept., et al.*, Civil Action No. 2:05-CV-661 (M.D. Ala. 2005).

foraminal stenosis, and cervical spondylosis." (*Doc. No. 1, Attachment at 3*.) According to the allegations in the complaint, following Plaintiff's apparent release from the Hale County Jail at a time not specified in the complaint, Plaintiff was subsequently arrested and detained by Montgomery County, Alabama, law enforcement officials in January 2007. Plaintiff was detained in the Montgomery County Detention Facility from January 29, 2007 until his transfer to the Kilby Correctional Facility in September 2007 where he remained for about seven and a half months. From the Kilby Correctional Facility Plaintiff was transferred to the Bullock Correctional Facility. It appears that Plaintiff is dissatisfied with the medical treatment he has received for his medical conditions described, *infra*, since his arrest and detention in January 2007 and is asking this court to review his allegations of inadequate medical care since that time.

As noted, Plaintiff claims that his need for medical treatment arises from injuries sustained during his incarceration in 2005 which appear to have manifested into chronic medical conditions. Currently, Plaintiff maintains that his chronic medical conditions cause him "severe extreme pain and suffering" for which he is not receiving adequate care and treatment. Plaintiff acknowledges that he has had surgery and MRI scans but contends that medical personnel at the Bullock Correctional Facility have failed to arrange recommended follow up appointments for him with a specialist following back surgery and have cancelled all outside free-world medical visits, have refused to let him see an outside specialist to assess damage done due to over use by prison medical personnel of a spinalpak provided to Plaintiff following back surgery, and have failed to provide adequate pain medication for his

severe pain. Plaintiff further asserts that the pain reliever he has taken for the past four years (Tylenol III), in addition to not adequately treating his pain issues, is "stopping up [his] biles" and eating away his stomach lining which is causing him more pain and a new serious medical condition. Plaintiff asserts that the actions of medical personnel have cause his medical condition to worsen and could result in a lifelong handicap or permanent injuries. (*Doc. No. 1 and Attachment*.) The court finds that the specificity of these allegations satisfies the threshold criterion of the imminent danger of serious physical injury exception. *See Ciarpaglini* 352 F.3d at 331 (the inquiry under § 1915(g) is "not a vehicle for determining the merits of a claim.").

Because a significant portion of Plaintiff's complaint is not a complaint requiring application of the exception to § 1915(g), with one possible claim warranting exception, *i.e.* his claim concerning an alleged failure to adequately treat his current spinal conditions and attendant back pain, the court will deny Plaintiff leave to proceed *in forma pauperis* without prejudice to his filing an amended complaint. If Plaintiff chooses to file an amended complaint, he is directed to limit his complaint to his claim that he is **presently** being denied treatment and he is to name as defendants only those persons who are allegedly being deliberately indifferent to his serious medical needs **at the present time**. *The amended complaint filed in compliance with this order shall supersede the original complaint.*

Alternatively, if Plaintiff intends to pursue his complaint as is, he may do so only as a paying litigant. In that case, he must submit a check or money order made payable to the Clerk of Court in the amount of $350.00 and he must do so no later than April 20, 2009. If

he does this, however, Plaintiff is advised that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  If Plaintiff does not file an amended complaint as described above or pay the $350.00 filing fee by April 20, 2009, the court will consider that he does not want to pursue this action. In that event, the undersigned will recommend that this case be dismissed without prejudice under the provisions of 28 U.S.C. § 1915(g).

Accordingly, it is

ORDERED that Plaintiff's request for leave to proceed *in forma pauperis* (*Doc. No. 2*) is DENIED without prejudice to his right to file an amended complaint as further directed herein because Plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915(g) with respect to all of his claims except his claim that he is presently being denied medical treatment for his current spinal conditions and attendant back pain.

It is further ORDERED that:

1. Plaintiff may have to and including **April 20, 2009** in which to either file an amended complaint **limiting his claim to allegations concerning his present inability to obtain adequate medical care for his current spinal conditions and attendant back pain and identifying the individual(s) responsible for refusing him care** *or* submit a check or money order made payable to the Clerk of Court in the amount of $350.00 in order to proceed with the complaint in its current form.  If Plaintiff chooses to file an amended

complaint, Plaintiff shall file the amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). <u>*The amended complaint filed in compliance with this order shall supersede the original complaint*</u>. This means that Plaintiff shall no longer rely on the original complaint and this case will proceed only on those claims raised and against the defendant(s) named in the amended complaint filed in accordance with and in compliance with the specific directives contained in the instant order.

    2. If, by April 20, 2009, Plaintiff fails to filed an amended complaint as directed herein and fails to pay the filing fee, the undersigned will recommend that the action be dismissed without prejudice under 28 U.S.C. § 1915(g). However, if, by April 20, 2009 Plaintiff has submitted an amended complaint in accordance with the terms of this order, he is advised that the court will enter an order with respect to Plaintiff's obligation to pay the $350.00 fee required for filing this case in accordance with the provisions of 28 U.S.C. § 1915(b)(2).

    Plaintiff is hereby advised that if he chooses to file an amendment to his complaint in accordance with the directives contained in this order, the amended complaint must set forth short and plain statements showing why he is entitled to relief and be specific enough to put each defendant on notice of how their conduct allegedly violated Plaintiffs' constitutional rights and should contain only claims relative to actions taken against him by the named defendants. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not

necessary, rather the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. T wombly,* 550 U.S. ___, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). "Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

The Clerk is DIRECTED to furnish Plaintiff with a form for use in filing a complaint under 42 U.S.C. § 1983. **Plaintiff must note on the § 1983 form the following case number** - **Civil Action No. 2:09-CV-243-TFM** - if he chooses to submit an amended complaint as directed herein.

Done, this 3rd day of April 2009.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE