IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

HENRY JOINER, #140 755                 *

    Plaintiff,                             *

        v.                                 *     2:09-CV-243-TFM
                                                            (WO)

ASSISTANT WARDEN MASON, *et al.*,      *

    Defendants.                            *
_____

**ORDER**

This matter comes before the court on Plaintiff's Motions for a Preliminary and Permanent Injunction. Plaintiff seeks a preliminary and permanent injunction with respect to his allegation that his constitutional rights are being violated by Defendants' failure to provide adequate medical care. Specifically, Plaintiff seeks to prohibit Defendants from continuing to provide inadequate health care due to delays in medical care, inadequate on-site, off-site, and specialty care, issuance of harmful medication, inadequate testing and treatment, and untimely medical care. As directed, Defendants filed a response to Plaintiff's request for issuance of a preliminary injunction. (*Doc. No. 38*.) Upon consideration of Plaintiff's motions for preliminary and permanent injunction and Defendants' response thereto, the court concludes that the motions are due to be denied.

**I. STANDARD OF REVIEW**

"The decision to grant or deny a preliminary injunction "is within the sound discretion

of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites:  (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983); *see also Parker v. State Board of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001).

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites."  *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable

injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir.1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001). The "extraordinary remedy" provided by an injunction is only available when a "legal right has been infringed by an injury for which there is no adequate legal remedy and which will result in irreparable injury if the injunction does not issue." *Alabama v. United States Army Corps of Eng'rs,* 424 F.3d 1117, 1127 (11th Cir. 2005).

The standard for a permanent injunction is essentially the same as for a preliminary injunction except that Plaintiff must show actual success on the merits instead of a likelihood of success." *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004) (quoting *Siegel,* 234 F.3d at 1213). In addition to succeeding on the merits, a plaintiff must "demonstrate the presence of two elements: continuing irreparable injury if the injunction does not issue, and the lack of an adequate remedy at law." *Siegel*, 234 F.3d at 1213 (quoting *Newman v. State of Ala.,* 683 F.2d 1312, 1319 (11th Cir. 1982)).

## II. DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court considers whether Plaintiff has proven a substantial likelihood of success on the merits. Having thoroughly reviewed the request for a preliminary injunction and in light of applicable federal law, the court concludes that Plaintiff fails to carry his burden.

Defendants argue that Plaintiff has failed to show a substantial likelihood of success on his Eighth Amendment claim. A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Specifically, an inmate must show that: (1) the prison officials had subjective knowledge of a risk of serious harm; (2) the prison officials disregarded that risk; and (3) the conduct rises above mere negligence. *McElligott v. Foley,* 182 F.3d 1248 (11th Cir. 1999). To establish an objectively serious deprivation of medical care, a prisoner must establish: (1) an objectively serious medical need, and (2) that the response made to the need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or medical malpractice. *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir. 2000). A "serious medical need" is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and, in either case, must be one that if left unattended poses a substantial risk of serious harm. *Kelley v. Hicks,* 400 F .3d 1282, 1284 n. 3 (11th Cir. 2005).

Delay of treatment for a serious condition can rise to the level of deliberate indifference where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified. *Taylor,* 221 F.3d at 1259-60 (11th Cir.2000) (citing *Hill v. Dekalb Reg'l Youth Ctr.,* 40 F.3d 1176, 1187 (11th Cir.1994), *overruled on other grounds by, Hope v. Pelzer,* 536 U.S. 730, 739 (2002)); *Lancaster v. Monroe County, Ala.,* 116 F.3d 1419, 1425 (11th

Cir.1997). Whether the delay was tolerable depends on the nature of the medical need and the reason for the delay. *Farrow v. West,* 320 F.3d 1235, 1247 (11th Cir.2003).

Defendants do not dispute that Plaintiff has a serious medical condition. They argue, however, that Plaintiff has received timely, appropriate, and adequate medical treatment for his medical issues. Defendant Siddiq states that in his professional opinion and based on his review of Plaintiff's medical records, the care and treatment afforded Mr. Joiner has at all times met and/or exceeded the standard of care for practicing physicians in Alabama. (*Doc. No. 38, Siddiq Affidavit.*)

Plaintiff's medical records reflect that subsequent to his refusal to be taken to the hospital for surgery on April 21, 2009, a second appointment was made for him. Dr. Timothy Holt performed the following surgical procedures on Plaintiff on June 3, 2009: 1) an anterior lumbar intrabody fusion, L5-S1; 2) implantation of spacer, L5-S1; 3) an anterior screw fixation through plate L5-S1; and 4) a posterior removal of ostephytes and formaninotomies/partial vertebrectomy, S-1 and L-5. Following his surgery, Plaintiff received rehabilitation at the Kilby Correctional Facility and was then returned to the Bullock Correctional Facility. (*Doc. No. 38, Siddiq Affidavit and Plaintiff's Medical Records.*)

Dr. Holt saw Plaintiff again on October 8, 2009 for his continued complaints of pain. Dr. Holt did not recommend any further surgery and advised Plaintiff to follow up with him if necessary. Dr. Holt examined Plaintiff again on March 4, 2010 and noted he had developed Pseudoarthosis at the L5 -S1 post-surgery. The physician recommended surgery

for the L5 - S1 subluxation which has been ordered and approved. (*Doc. No. 38, Siddiq Affidavit and Plaintiff's Medical Records*.)

Defendants assert that Plaintiff has received appropriate medication for his medical issues, his medications have been closely monitored by medical staff at the Bullock Correctional Facility, and medical treatment for Plaintiff's medical issues have not been delayed or denied during his incarceration at Bullock. Plaintiff's medical records also reflect that he has been issued various medical profiles in response to his medical condition including no prolonged standing, a bottom bunk, lay-ins, extra blankets, and foot soaks. (*Doc. No. 38, Siddiq Affidavit and Plaintiff's Medical Records*.)

After reviewing the medical records submitted by Defendants in response to Plaintiff's request for preliminary injunctive relief, the court cannot say that Plaintiff has shown a substantial likelihood of success on the merits. Plaintiff's medical records reflect that medical personnel continuously monitor and treat him for his complaints associated with his back pain in addition to his myriad other medical complaints. Plaintiff's records likewise show that medical staff routinely examine him, evaluate his conditions, and respond in accordance with their evaluations to his various complaints and requests for treatment. The medical records also establish that attending physicians prescribe relevant medications in an effort to treat Plaintiff's physical ailments, and that medical personnel routinely order consultation requests with outside providers, medical profiles, lab work, x-rays, and additional therapeutic treatments whenever their observations of Plaintiff indicate the need for such action. The record reflects that Defendants have not been indifferent to Plaintiff's condition. To the

extent there exists a difference in medical opinion as to the provision of medical care, a difference in medical opinion will seldom rise to the level of a constitutional violation and based on the records filed in this matter does not do so in this case. *Hamm v. DeKalb,* 774 F.2d 1567, 1575 (11th Cir. 1985) (where a prisoner receives adequate medical care but desires to receive a different mode of treatment, the care provided does not amount to deliberate indifference); *Adams v. Poag,* 61 F.3d 1537, 1545 (11th Cir. 1995) (whether a defendant should have used additional or different diagnostic techniques or forms of treatment "is a classic example of a matter for medical judgment and therefore not an appropriate basis for liability under the Eighth Amendment.").

Having found Plaintiff has failed to satisfy the first requirement for either a preliminary injunction or a permanent injunction, the court need not consider the other factors. *See  Church*, 30 F.3d at 1342; *Siegel,* 234 F.3d at 1176.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that the motion for preliminary injunction and motion for permanent injunction filed by Plaintiff (*Doc. Nos. 27 & 28*) be and are hereby DENIED.

Done, this 2nd day of April 2010.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE